UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ESSENCE ENNOLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-00580-JRS-TAB |
| | ) | |
| WESTLAKE SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION TO COMPEL ARBITRATION**

**I.      Introduction**

This cause is before the Court on Defendant Westlake Services, LLC's motion to compel Plaintiff Essence Ennols to arbitrate the instant dispute.  [Filing No. 8.]  For the reasons set forth below, the Court grants Defendant's motion to compel arbitration.

**II.      Background**

The Court begins by briefly setting forth the facts relevant to Defendant's motion to compel.  These facts are not in dispute.

In May of 2021, Plaintiff bought a car from Andy Mohr Speedway Chevrolet.  In doing so, Plaintiff signed a buyer's order and a retail installment sales contract (RISC).  The buyer's order included an arbitration clause and acknowledged in the event of financing under a RISC, the collective documents would stand as the parties' agreement.  [Filing No. 9, at ECF p. 1.] This agreement provides in relevant part:

> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this

1

> vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.

[Filing No. 9, at ECF p. 3, 11.]  Andy Mohr signed the RISC and then assigned it to Defendant. [Filing No. 8-1, at ECF p. 1.]

Plaintiff defaulted in repaying the loan and the car was repossessed and sold, leaving a deficiency balance.  [Filing No. 9, at ECF p. 6.]  Defendant filed a suit in Marion Superior Court to recover the deficiency.  That court held a hearing on December 17, 2025, but Defendant failed to appear.  Accordingly, that court entered a final judgment in favor of Plaintiff and against Defendant in the amount of $1,292 plus costs and interest.  [Filing No. 9, at ECF p. 7.]

With the benefit of this favorable judgment, Plaintiff then filed suit against Defendant alleging in relevant part that Defendant continued to report a balance owed and did not remove or correct information on its tradeline despite the Marion Superior Court's order.  Plaintiff alleges Defendant's conduct violates the Fair Credit Reporting Act and constitutes contempt of court. Defendant removed the case to this Court on March 25, 2026, and two days later filed the motion to compel arbitration that now pends.

### III.    Discussion

Plaintiff does not dispute that in purchasing the vehicle in question she signed an arbitration agreement.  Rather, Plaintiff argues: (1) her FCRA and related claims are not within the scope of the agreement to arbitrate; (2) Defendant waived its right to compel arbitration; and (3) arbitration unfairly limits her rights (to a jury trial, discovery, and restrictions on appeals) and is contrary to the remedial purpose of the FCRA.  The Court addresses each of these arguments below.

Plaintiff's first argument—that her dispute is not within the scope of the agreement to arbitrate—falters. Whether this dispute is within the scope of the agreement is a gateway question reserved for the arbitrator. The agreement provides that disputes over "the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute" are to be determined by the arbitrator. [Filing No. 8-2, at ECF p. 3.] Other cases from this Court have recognized substantially similar language amounts to a valid delegation clause. *Browning v. Trans Union LLC*, No. 4:24-cv-00029-TWP-KMB, 2025 WL 1503973, at *5 (S.D. Ind. May 27, 2025) (holding an arbitration clause providing "any such dispute relating to the scope and enforceability of this arbitration provision" "evinces a clear and unmistakable intent to leave threshold questions of arbitrability to the arbitrator"); *Walton v. Uprova Credit LLC*, 722 F. Supp. 3d 824, 832 (S.D. Ind. 2024) (agreement providing arbitrator "shall decide all issues arising under or relating to the Loan Agreement . . . including all claims regarding the validity, scope, or enforceability of this Arbitration Agreement" evidenced "clear and unmistakable evidence of a delegation clause"); *Bone v. Experian Info. Sols., Inc.*, No. 1:25- cv-01034-MPB-MJD, 2025 WL 3124185, at *1 (S.D. Ind. Oct. 28, 2025) ("Plaintiff's argument that her claim does not fall within the scope of the arbitration agreement is thus an argument for the arbitrator, not the Court.").

Even if the Court were to address Plaintiff's argument regarding the scope of the agreement, her argument would still falter. In fact, Plaintiff fails to cite any authority for the proposition that her FCRA and related claims arising from reporting and investigating her dispute are not within the scope of this arbitration agreement. Plaintiff focuses on the temporal sequence of the reporting as having arisen after judgment rendered on Defendant's complaint. However, the arbitration agreement states, "This Arbitration Provision shall survive any

termination, payoff or transfer of this contract."  [Filing No. 9, at ECF p. 4 (quoting Filing No. 8-2, at ECF p. 3)].  Many federal district courts have found FCRA claims covered by similar arbitration agreements.  *See, e.g., Baines v. Carrington Mortg. Servs.,* No. 5:25-cv-297-BO, 2026 WL 554737, at *21 (E.D.N.C. Feb. 9, 2026), *report and recommendation adopted*, 2026 WL 660721 (E.D.N.C. Mar. 9, 2026) (court rejected the argument that "post-contract statutory violations under the [FCRA]" did not fall within the scope of an arbitration clause that included any "claim, that in any way arises from or relates to this consumer credit sale . . . or the collection or servicing of this [retail contract]"); *Adams v. Credit Acceptance Corp.*, No. 25-cv-410JLS(Sr), 2025 WL 3676958, at *2 (W.D.N.Y. Dec. 18, 2025) (finding arbitration provision includes FCRA claims) (collecting cases); *Mitchell v. BMW Fin. Servs. NA, LLC*, No. 1:24-cv-3655-SCJ-CCB, 2025 WL 2743691, at *5 (N.D. Ga. July 22, 2025), *report and recommendation adopted*, 2025 WL 2743688 (N.D. Ga. Aug. 14, 2025) ("The arbitration agreement broadly covers any claim arising out of or relating to the sale of the vehicle and the contract and, as such, Plaintiffs' FCRA claims fall squarely within the scope of the arbitration clause."); *Mutschler v. Used Auto Outlet Inc.,* No. 8:25-cv-2243-SDM-SPF, 2025 WL 4087704, at *5 (M.D. Fla. Jan. 7, 2025), *report and recommendation adopted*, 2026 WL 228010 (M.D. Fla. Jan. 28, 2026) (finding a similarly worded arbitration agreement encompassed "Plaintiff's claims that Defendants violated . . . FCRA"); *Hovious v. Cap. One N.A. Corp.*, No. 3:23-cv-557-DJH-CHL, 2024 WL 6892109, at *2-3 (W.D. Ky. May 28, 2024) (allegation that the defendant "violated the FCRA by failing to investigate a credit-reporting dispute that he submitted and by furnishing incorrect information to credit-reporting agencies" was within the scope of a similarly worded broad arbitration clause); *Ahmed v. Autotrader.com, Inc.*, No. 17 C 1398, 2018 WL 11650027, at *3 (N.D. Ill. May 9, 2018) (FCRA claims subject to similar arbitration clause).

The Court also rejects Plaintiff's argument that Defendant has waived its right to arbitration. For waiver to occur through litigation, some effort to invoke the judicial machinery must occur going to the merits, such as filing a motion for summary judgment, engaging in discovery or delaying months or years before raising the issue. Under facts comparable to this case, this Court has found no waiver. *See Fitzgerald v. Credit Acceptance Corp.*, No. 3:25-cv-00235-RLY-CSW, 2026 WL 541106, at *4 (S.D. Ind. Feb. 25, 2026) ("Credit Acceptance has not filed any motions regarding the merits of the claims and discovery has not begun."); *see also, e.g.*, *Browning*, 2025 WL 1503973, at *6 ("Experian filed its Answer one month after appearing in this litigation, and it expressly raised an arbitrability affirmative defense in that pleading. . . . Experian then filed its Motion to Compel Arbitration six months later. . . . At that time, the case was still in its early stages."); *Johnson v. W. & S. Life Co.*, No. 1:13-cv-01659-SEB, 2014 WL 4370772, at *4 (S.D. Ind. Sept. 3, 2014), *aff'd*, 598 F. App'x 454 (7th Cir. 2015) (filing a motion to compel arbitration in response to a complaint "before submitting an answer" does not evidence waiver). Accordingly, consistent with these holdings, Defendant has not waived its right to arbitration.

Finally, the Court turns to Plaintiff's argument that arbitration would not be fair because the arbitration agreement limits her rights. The Court can make quick work of this argument. There is nothing unfair about requiring Plaintiff to abide by the terms of her agreement. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) ("The overarching purpose of the FAA . . . is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings."). Arbitration has long been recognized as a fair and binding procedure to resolve disputes, even though the procedures and remedies in arbitration may be more limited than in a purely judicial forum. *See Gilmer v. Interstate/Johnson Lane Corp.*, 500

U.S. 20, 31 (1991) ("Although [the arbitration's] procedures might not be as extensive as in the federal courts, by agreeing to arbitrate, a party trades the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration." (internal citation and quotations omitted)); *Penn v. Ryan's Family Steak Houses, Inc.*, 269 F.3d 753, 758 (7th Cir. 2001) ("The Supreme Court has repeatedly counseled that the [Federal Arbitration Act] leaves no room for judicial hostility to arbitration proceedings and that courts should not presume, absent concrete proof to the contrary, that arbitration systems will be unfair or biased.").  Accordingly, the Court rejects Plaintiff's argument that arbitration would not be fair because the arbitration agreement limits her rights.

## IV.  Conclusion

For the reasons set forth above, Defendant's motion to compel arbitration [Filing No. 8] is granted.  This case is stayed pending arbitration.  Plaintiff must commence arbitration proceedings within 30 days.[1]  If Plaintiff fails to do so Defendant may file a motion seeking to lift this stay and dismiss this case.

Date:  4/8/2026

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

---

[1] The agreement at issue requires Plaintiff to make an election relating to the arbitral forum where she wants her dispute heard.  [Filing No. 8-2, at ECF p. 3 ("You may choose the American Arbitration Association . . . or any other organization subject to our approval.").  Plaintiff must commence the arbitration with the AAA, or another organization subject to Defendant's approval.

Distribution:

All ECF-registered counsel of record via email

ESSENCE ENNOLS
7807 Knue Rd.
Indianapolis, IN 46250